# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

CHRISTOPHER SHINTARO MUTA,

Plaintiff,

v.

COURT-APPOINTED,

Defendant.

Case No. 26-cv-05205-BLF

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; SCREENING COMPLAINT; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

[Re: ECF Nos. 1, 3]

Before the Court is Plaintiff Christopher Shintaro Muta's motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 3. For the reasons set forth below, Plaintiff's IFP application is GRANTED and the complaint is DISMISSED WITH LEAVE TO AMEND.

## I.    LEGAL STANDARD

IFP applications are governed by 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a).

When a district court grants IFP status, it must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Court will screen Plaintiff's complaint and order service only if the Court determines that the complaint survives initial screening.

The IFP statute accords district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. A complaint that does not state enough facts to state a claim to relief that is plausible on its face is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.   DISCUSSION

As a threshold matter, the Court is satisfied that IFP status is warranted based on Plaintiff's affidavit describing his lack of financial resources. Accordingly, Plaintiff's application to proceed IFP is GRANTED. The Court thus turns to screening the complaint.

This civil rights action arises out of events in Santa Cruz County in 2000. ECF No. 1 ("Compl.") at 3. Plaintiffs names "Court-Appointed/Authorized Identified Does 1–25" and "Extraordinary Does 100+" as defendants. *Id.* at 1. The statement of facts lists conclusory allegations without any factual support, including "undue influence," "military force used against peaceful citizens," "forced into long-term psychiatric impaired judgment incapacity," "wrongful taking of property/conversions," and "breaches fiduciary duties/trusts," to name a few. *Id.* at 3–4. Plaintiff asserts a claim for violation of his Fourteenth Amendment Due Process rights. *Id.* at 5.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to be a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court will liberally interpret a self-represented plaintiff's pleadings in the interest of justice, the defendants need to be able to fairly respond to the allegations. Here, the Court is unable to discern from the complaint who the defendants are or what they are alleged to have done. The facts support no plausible claim. Accordingly, the complaint is subject to dismissal. To proceed, Plaintiff must amend the complaint to (1) clearly identify the defendants; (2) state facts to tell a story that support the claim; and (3) explain why he is entitled to relief under the law.

United States District Court
Northern District of California

2

III.    **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's application to proceed IFP, ECF No. 3, is GRANTED.

(2) Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

(3) Plaintiff SHALL file a first amended complaint within 30 days of the date of this Order, on or before **July 6, 2026.**

(4) No new claims or parties may be added without express leave of the Court. Amendment shall be limited to remedying the deficiencies identified in this Order.

Dated:  June 4, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3