**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CHRISTOPHER SHINTARO MUTA,

Plaintiff,

v.

COURT-APPOINTED,

Defendant.

Case No.  26-cv-05205-BLF

**ORDER SCREENING FIRST AMENDED COMPLAINT; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND TERMINATING MOTION/PETITION**

[Re:  ECF Nos. 6, 7]

In this matter, the Court previously granted Plaintiff Christopher Shintaro Muta's application to proceed *in forma pauperis* ("IFP") and screened and dismissed the complaint with leave to amend.  ECF No. 5.  The Court explained that it was "unable to discern from the complaint who the defendants are or what they are alleged to have done" because the "facts support no plausible claim." *Id.* at 2.  The Court explained that to proceed, Plaintiff must amend the complaint to (1) clearly identify the defendants; (2) state facts to tell a story that support the claim; and (3) explain why he is entitled to relief under the law. *Id.*

Plaintiff has now submitted a first amended complaint, ECF No. 6 ("FAC"), and a motion styled as a "Motion/Petition" for "Writ of Certiorari," "Writ of Mandamus," and "Writ of Error Coram Nobis," ECF No. 7.  For the reasons set forth below, the FAC is DISMISSED WITH LEAVE TO AMEND and the Motion/Petition is TERMINATED.

**I.    LEGAL STANDARD**

When a district court grants IFP status, it must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B).  If the complaint survives the initial screening, the court must "order that service be made by a United

States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Court will screen Plaintiff's complaint and order service only if the Court determines that the complaint survives initial screening.

The IFP statute accords district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. A complaint that does not state enough facts to state a claim to relief that is plausible on its face is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.    DISCUSSION

The FAC is a 27-page compilation of unintelligible documents. For example, the FAC recites a battery of constitutional violations and remedies but does not indicate which Plaintiff believes are applicable. FAC at 2–15. He includes an excerpt from the International Law Studies Annotated Supplement to the Commander's Handbook on the Law of Naval Operations. FAC at 17–18. Parts of the submission devolve into gibberish, and several lines of text are written diagonally or sideways, such that they cannot reasonably be read. *See, e.g.*, FAC at 19–27.

In sum, despite clear guidance from the Court, Plaintiff has not written a coherent factual narrative explaining who the defendants are, what they are alleged to have done, and why he is entitled to relief under the law. Accordingly, the FAC is subject to dismissal. Mindful of its obligation to construe *pro se* pleadings liberally, *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984), the Court will give Plaintiff a second opportunity to amend. Plaintiff is advised to submit a straightforward narrative of the facts, state clearly what law applies, and explain why he is entitled to relief under that law.

Plaintiff's Motion/Petition suffers from the same defects as the FAC. In its current form, the submission is an unsorted, 45-page corpus of materials and does not constitute a coherent filing that the Court can meaningfully address. *See* ECF No. 7. Accordingly, the Motion/Petition

United States District Court
Northern District of California

2

is terminated.

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's first amended complaint is DISMISSED WITH LEAVE TO AMEND.

(2) Plaintiff SHALL file a second amended complaint within 30 days of the date of this Order, on or before **July 20, 2026.**

(3) No new claims or parties may be added without express leave of the Court. Amendment shall be limited to remedying the deficiencies identified in this Order.

(4) Plaintiff's Motion/Petition, ECF No. 7, is TERMINATED.

Dated:  June 18, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3