United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CHRISTOPHER SHINTARO MUTA,
Plaintiff,

v.

COURT-APPOINTED,
Defendant.

Case No. 26-cv-05205-BLF

**ORDER SCREENING OMNIBUS COMPLAINT; DISMISSING OMNIBUS COMPLAINT WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION WITH PREJUDICE**

[Re: ECF No. 32]

In this matter, the Court previously granted Plaintiff Christopher Shintaro Muta's application to proceed *in forma pauperis* ("IFP") and screened and dismissed the complaint with leave to amend. ECF No. 5. The Court explained that it was "unable to discern from the complaint who the defendants are or what they are alleged to have done" because the "facts support no plausible claim." *Id.* at 2. The Court further explained that to proceed, Plaintiff must amend the complaint to (1) clearly identify the defendants; (2) state facts to tell a story that support the claim; and (3) explain why he is entitled to relief under the law. *Id.* The Court also screened and dismissed the first amended complaint, because, "despite clear guidance from the Court, Plaintiff ha[d] not written a coherent factual narrative explaining who the defendants are, what they are alleged to have done, and why he is entitled to relief under the law." ECF No. 8 at 2.

Plaintiff has now submitted an "Omnibus Complaint For All Remedies." ECF No. 32. For the reasons set forth below, the Omnibus Complaint is DISMISSED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

## I. LEGAL STANDARD

When a district court grants IFP status, it must screen the complaint and dismiss the action

United States District Court
Northern District of California

if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Court will screen Plaintiff's complaint and order service only if the Court determines that the complaint survives initial screening.

The IFP statute accords district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. A complaint that does not state enough facts to state a claim to relief that is plausible on its face is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**II. DISCUSSION**

The Omnibus Complaint is a 25-page compilation of miscellaneous materials that is devoid of any organizing framework or explanatory narrative. It includes no coherent factual allegations. It recites a litany of remedies but does not explain which are applicable and why. Significant portions of the submission are nonsensical. *See, e.g.*, ECF No. 32 at 18 ("The Declaration Of Independence; Source/Constitution Based; Supreme/Constitutional; Analytical/Source; Supreme/Being(s). . ."). In sum, Plaintiff has failed to submit any intelligible allegations explaining who the defendants are, what they are alleged to have done, and why he is entitled to relief under the law. Accordingly, the Omnibus Complaint is subject to dismissal.

In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue

prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052. The Court finds no undue delay or bad faith. However, despite prior dismissal of the original complaint and first amended complaint with guidance regarding amendment, Plaintiff still has not come close to alleging a viable claim. Prejudice to the Defendants is not at issue, as they have not been served. However, based on Plaintiff's allegations to date, it appears that granting further leave to amend would be futile. Weighing these factors, especially Plaintiff's failure to cure the deficiencies identified in the prior dismissal orders and the futility of amendment, the Court finds that leave to amend is not warranted.

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Omnibus Complaint is DISMISSED WITHOUT LEAVE TO AMEND and the action is DISMISSED WITH PREJUDICE.

Dated: July 20, 2026

BETH LABSON FREEMAN
United States District Judge