United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CHRISTOPHER SHINTARO MUTA,
Plaintiff,
v.
SANTA CRUZ PUBLIC DEFENDER, et al.,
Defendants.

Case No. 26-cv-05205-BLF

**ORDER DENYING PLAINTIFF'S MOTION**

[Re: ECF No. 48]

Judgment was entered in this action on July 20, 2026. Before the Court is *pro se* Plaintiff Christopher Shintaro Muta's motion captioned as "Equitable Liens; Motion to Vacate, Stricken & Reinstate." ECF No. 48. Although it unclear exactly what relief Plaintiff is seeking, including because the motion is a 22-page compilation of incoherent documents, plus 16 pages of unintelligible "Supplements," (*see* ECF No. 49), the Court construes the motion as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or a motion for relief from a final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is DENIED.

## I. DISCUSSION

### A. Federal Rule of Civil Procedure 59(e)

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has explained that there are "four basic grounds upon which a Rule 59(e) motion may be granted": (1) where the judgment is based on a manifest error of law or fact, (2) where the movant shows newly discovered or previously unavailable evidence, (3) where necessary to prevent manifest injustice, or (4) where there has been an intervening change in the law. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir.

United States District Court
Northern District of California

1999).

Here, Plaintiff has not identified any errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in law. To the contrary, Plaintiff's submission largely consists of references to proceedings in state court which have no apparent relationship to the instant action. Plaintiff has thus not made an adequate showing to justify relief under Rule 59(e)

**B. Federal Rule of Civil Procedure 60(b)**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Here, Plaintiff has not identified any basis for the Court to grant relief from the final judgment. As the Court describes above, Plaintiff's submission has no clear connection to the instant action. Accordingly, Plaintiff has not made a sufficient showing to justify relief under Rule 60(b).

**II. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion, ECF No. 48, is DENIED.

Dated: July 28, 2026

BETH LABSON FREEMAN
United States District Judge